81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carmelo Jose HERRERA-RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70873.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 29, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner, Carmelo Jose Herrera-Rodriguez, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an order of the immigration judge ("IJ") finding Petitioner deportable pursuant to 8 U.S.C. § 1251(a)(2)[1] and denying Petitioner asylum and withholding of deportation under 8 U.S.C. §§ 1101(a)(42)(A), 1158, and 1253(h)(1). We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a(a) and 28 U.S.C. § 2342 and affirm the decision of the BIA.
 
 
 4
 Petitioner first argues that the OSC was invalid because he was outside the United States at the time the December 5, 1988 OSC was "issued."[2] Petitioner provides absolutely no support for this argument. Petitioner does not contest the fact that he received constitutionally and statutorily sufficient notice of his deportation proceeding, as the OSC was not mailed until three days after he reentered the United States. See generally 8 C.F.R. § 242.1(c) (describing service requirements). Nor does he explain how the fact that the OSC was prepared while he was outside the United States deprived the IJ of jurisdiction. See generally 8 C.F.R. § 3.14 (stating that jurisdiction vests with an IJ when a charging document is filed with the Office of the IJ by the INS). Because Petitioner has failed to demonstrate any jurisdictional or procedural defect, his first argument is without merit.
 
 
 5
 Petitioner next proffers two bases for his claim of well-founded fear of persecution based on political opinion.[3] First, Petitioner argues a well-founded fear based on his father's political activities and the Sandinistas' burning of the family house. However, considering that Petitioner remained in Nicaragua without incident for a substantial period of time after his father's departure, Petitioner has failed to link any persecution of his father to himself. Absent such a link, the father's activities do not establish a well-founded fear of persecution on the part of Petitioner. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioner[ ].").
 
 
 6
 Petitioner also argues a well-founded fear on the basis of threats received during his attempt to organize the independent student organization. However, Petitioner testified that he was not harmed or seriously threatened as a result of this incident. [AR 39-40.] Moreover, he returned to Nicaragua after his initial departure just to see how things were going, and was not harmed. [AR 49.] In fact, when he decided to depart Nicaragua for the second time, he had no problem obtaining a passport from the Sandinista government. We have previously held that an alien's ability to obtain a passport and/or exit visa is a relevant factor in assessing an asylum claim. See, e.g., Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991) (affirming BIA's denial of asylum in part because the alien was free to enter and exit her native country and issued her a passport for that purpose); Espinoza-Martinez v. INS, 754 F.2d 1536, 1540 (9th Cir.1985) (holding that ability to obtain a passport cuts against alien's claim that persecution is likely upon return).[4]
 
 
 7
 In sum, we find that substantial evidence supports the BIA's conclusion that Petitioner has failed to demonstrate a well-founded fear of persecution on the basis of political opinion. Having failed to satisfy the lower burden of proof required for asylum, petitioner necessarily fails to satisfy the stricter burden required for withholding deportation. INS v. Cardoza-Fonseca, 480 U.S. 420, 444 (1987).
 
 
 8
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In 1990, § 1251(a)(2) was recodified in materially identical form at 8 U.S.C. § 1251(a)(1)(B)
 
 
 [2]
 While the OSC contains the word "issued" next to the date and time indicated by the issuing officer, it is clear that this is the date on which the document was prepared. [AR 83.] The OSC was not served on Petitioner until December 12, 1988, three days after he reentered the United States. [AR 87.]
 
 
 [3]
 Before the BIA, Petitioner argued that his desire to avoid service in the Nicaraguan military was an additional reason for his well-founded fear of persecution. Petitioner has since abandoned this argument, presumably because it is precluded by circuit authority. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (rejecting asylum claim based on a desire to avoid conscription into Nicaragua's military)
 
 
 [4]
 The BIA also took administrative notice of the defeat of the Sandinistas in the February 1990 national elections. [AR 3.] Because we find that substantial evidence supports the BIA's decision even in the absence of this fact, we need not consider the impact of Nicaragua's change in government on Petitioner's asylum claim